**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ANTHONY ESPARZA,<br><br>        Petitioner,<br><br>   v.<br><br>CONNIE GIPSON,<br><br>        Respondent. | Case No. 1:13-cv-01394-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on August 30, 2013.

    I.  <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Background

Petitioner alleges that he is serving a sentence of twenty-six years to life imposed in the Kern County Superior Court in 2002 for convictions of attempted murder, terrorist threats, assault with a deadly weapon, possession of a firearm by a felon, and various

enhancements. (Pet., doc. 1, 1.)  In the petition, Petitioner challenges his convictions on the grounds that various rulings of the trial court violated Petitioner's rights to a fair trial, and trial and appellate counsel's errors and omissions violated his right to the effective assistance of counsel.

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).  The Court will take judicial notice of its own dockets.  In David Anthony Esparza v. M. Knowles, et al., case number 1:04-cv-06172-LJO-DLB-HC, on December 28, 2007, the Court denied on the merits Petitioner's petition for writ of habeas corpus that challenged Petitioner's 2002 Kern County convictions of attempted murder, terrorist threats, assault with a deadly weapon, and possession of a firearm by a felon.  (Docs. 57, 58, and 54 at 1:22-28 and pp. 7-19.)  Petitioner did not file an appeal from the judgment.

III.   Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a

second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements.  Section 2244(b))3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in the district court.  See, Felker v. Turpin, 518 U.S. 651, 656-57 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation is jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).  Here, the first petition

1  concerning the Kern County judgment was denied on the merits.
2  Petitioner attaches to the present petition a document captioned for
3  the United States Court of Appeals for the Ninth Circuit and
4  entitled "MOTION FOR AUTHORIZATION TO FILE SECOND OR SUCCESSIVE
5  PETITION FOR WRIT OF HABEAS CORPUS PURSUNT (sic) TO 28 U.S.C.
6  SECTION 2244, 2254," in which he seeks permission to file a
7  successive petition (doc. 1, 10-23), but there is no indication that
8  it has been filed in the Ninth Circuit Court of Appeals or has been
9  acted upon by the court.
10     Petitioner makes no showing that he has obtained prior leave
11 from the Ninth Circuit to file his successive petition attacking the
12 convictions.  Accordingly, this Court has no jurisdiction to
13 consider Petitioner's renewed application for relief from the
14 conviction under section 2254 and must dismiss the petition.  See,
15 Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S.
16 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If Petitioner
17 desires to proceed in bringing this petition for writ of habeas
18 corpus, he must file for leave to do so with the Ninth Circuit.
19     IV.  Certificate of Appealability
20     Unless a circuit justice or judge issues a certificate of
21 appealability, an appeal may not be taken to the Court of Appeals
22 from the final order in a habeas proceeding in which the detention
23 complained of arises out of process issued by a state court.  28
24 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336
25 (2003).  A certificate of appealability may issue only if the
26 applicant makes a substantial showing of the denial of a
27 constitutional right.  § 2253(c)(2).  A petitioner must show that
28 reasonable jurists could debate whether the petition should have

been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. at 483-84.

A court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, an applicant need not show the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue.

V.   Recommendations

Accordingly, it is recommended that:

1) The petition for writ of habeas corpus be DISMISSED as successive; and

2) The Court DECLINE to issue a certificate of appealability; and

6

3) The Clerk be DIRECTED to close this action because the dismissal will terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 16, 2013**              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE

7